UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICK MORIN and JOSEPH OLIVIERI as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, VACATION, ANNUITY,
SCHOLARSHIP, APPRENTICE-TRAINING,
LABOR-MANAGEMENT COOPERATION and
CHARITABLE TRUST FUNDS,

**DEFAULT JUDGMENT**

Index No.: CV-06-6008 (NGG)(WDW)

Plaintiffs,

-against-

REVCO CONSTRUCTION CORP. and REVCOR
CONSTRUCTION CORP.,
                                                Defendants.
------------------------------------------------------------X

This action, having been commenced on November 8, 2006, by the filing of the Complaint and issuance of a Summons, and a copy of the Summons and Complaint having been served upon defendants pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and it further appearing that the above-named defendants have not appeared, answered or made any motion with respect to the complaint and the time for answering the complaint or so moving having expired,

NOW, on motion of Meyer, Suozzi, English & Klein, P.C., attorneys for the plaintiffs, and upon the proceedings herein, it is

**ORDERED, ADJUDGED AND DECREED,** that judgment be entered against defendants, REVCO CONSTRUCTION CORP. and REVCOR CONSTRUCTION CORP., and in favor of plaintiffs, that defendants, by and through their representatives and/or officers having notice of this judgment, shall permit and cooperate in an audit of defendants' books and records respecting defendants' payment of fringe benefit contributions and wage supplements to

plaintiffs' employee benefit funds pursuant to the terms of the Collective Bargaining Agreement, such audit to be permitted by defendants within 30 days after notice of entry of this judgment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs are hereby awarded judgment against defendants, REVCO CONSTRUCTION CORP. and REVCOR CONSTRUCTION CORP., jointly and severally, for attorneys' fees and costs in the sum of $2,765.50 pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), and that plaintiffs shall have execution therefor; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs are expressly reserved the right to institute a new action to recover from defendants, jointly and severally, and any other responsible persons or entities the amount of any deficiencies determined by the audit provided for herein.

Dated: ~~Central Islip~~ Brooklyn, New York
July 30, 2007

s/Nicholas G. Garaufis
_____
**U.S.D.J.**